UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONYA MERLITTI, | ) | CASE NO. 5:18-cv-253 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | JUDGE SARA LIOI |
| | ) | |
| UNIVERSITY OF AKRON, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |

Before the Court are the following unopposed motions: (1) motion to dismiss for failure to state a claim filed by defendants Family Pride of Northeast Ohio, Inc. ("Family Pride") and Family Pride employees, Angela L. Daugherty, Jennifer S. Emch, and Maggie Spellman (collectively "Family Pride defendants") (Doc. No. 21 ["Family Pride Mot."]); (2) motion to dismiss filed by defendants the University of Akron (the "University") and University employees, Dr. Alise G. Bartley, Dr. Karin B. Jordan, Dr. Rikki A. Patton, Dr. Rebecca A. Boyle, Dr. Heather Katafiasz, Dr. David H. Tefteller, Dr. Rex D. Ramsier, Mark G. Stasitis, Matthew J. Wilson, and Dr. David Gordon (collectively the "University defendants") (Doc. No. 25 ["University Mot."]); and (3) motion for judgment on the pleadings filed by defendants John L. Balash, III, Greenleaf Family Center, and Angela M. Richmond-Rossiter (collectively "Greenleaf defendants"). (Doc. No. 27 ["Greenleaf Mot."].) Additionally, plaintiff Tonya Merlitti's ("Merlitti") motion for default judgment (Doc. No. 24 ["Merlitti Mot. for Def."]), opposed by the Akron defendants (Doc. No. 26 ["University Opp'n to Def."]), is also before the Court.

For the reasons discussed below, Merlitti's motion for default judgment is DENIED. Family Pride defendants' motion to dismiss for failure to state a claim is GRANTED. The University defendants' motion to dismiss is GRANTED under Rule 12(b)(5) for insufficiency of service. Greenleaf defendants' unopposed motion for judgment on the pleadings is GRANTED.

## I. BACKGROUND

From January 2012 through January 2016, Merlitti was a student in the Marriage and Family Counseling/Therapy Master's Program (the "Program") in the University of Akron's College of Health Professions, School of Counseling. (Doc. No. 1 ["Compl."] at ¶ 1.) Pursuant to the Program requirements, Merlitti performed practicums at Greenleaf and Family Pride. (*Id.* at ¶¶ 26, 36.) Each ended badly, and ultimately Merlitti was dismissed from the Program. (*Id.* at ¶ 117.)

Of relevance to the claim for which dismissal is sought on a basis of failure to state a claim for which relief may be granted are the facts related to the employment contract between Family Pride and Merlitti and the termination thereof.[1] The contract was entered on or about October 28, 2015, while Merlitti was performing her practicum at Family Pride. (*Id.* at ¶ 39.) Because Family Pride was impressed with Merlitti's work, Angela L. Daugherty, the executive director of Family Pride, offered her a full-time position as a marriage and family therapist. (*Id.*) This offer was later formalized by written offer, which addressed terms of employment. (*Id.* at ¶ 40; Doc. No. 1-4 ["Job Offer"].) Merlitti accepted the offer, and the two parties agreed upon salary terms and a start date of January 4, 2016. (Compl. at ¶ 41.)

But days before entering into this contract, sometime around October 19-23, 2015, Maggie Spellman, Merlitti's practicum advisor at Family Pride, ordered Merlitti to meet her at a local McDonald's to discuss practicum matters. (*Id.* at ¶ 42.) Merlitti reported this meeting to her

[1] As will be discussed below, the remaining claims must be dismissed on procedural grounds under Rule 12(b)(5).

University professor who oversaw her Family Pride practicum on or about November 5, 2015. (*Id.* at ¶ 43.) Upon hearing of the meeting, the professor declared it to be "unethical" and ordered Merlitti not to return to class. (*Id.* at ¶¶ 44-45.) Between November 9, 2015, and November16, 2015, several meetings were held to discuss the McDonald's meeting both among University faculty and with Merlitti's Family Pride supervisors, including Maggie Spellman. (*Id.* at ¶¶ 49-51.) Ultimately, on November 18, 2015, one of Merlitti's supervisors at Family Pride, Jennifer S. Emch, told Merlitti that she was a liability. (*Id.* at ¶ 52.) The same day, Family Pride terminated her practicum and rescinded the job offer. (*Id.* at ¶¶ 53-54.)

## II. MOTION FOR DEFAULT JUDGMENT

Merlitti moved for default judgment against the University defendants. But independent of the merits of the motion, the Court must deny the motion because it is procedurally flawed.

The docket fails to indicate that, prior to seeking a default judgment, plaintiff first obtained from the Clerk of Court an entry of default as contemplated by Rule 55(a) of the Federal Rules of Civil Procedure. An entry of default and a default judgment are distinct events that require separate treatment. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2692 (3d ed. 2003). Rule 55 governs both entry of defaults and default judgments. Rule 55(a), pertaining to entries of default, provides that:

> [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). Yet, no default has been entered because plaintiff has not filed an application with the Clerk for entry of default. It is well settled that an entry of default is a prerequisite to entry of a default judgment under Rule 55(b). *See Hickman v. Burchett*, No. 2:07-

cv-743, 2008 WL 926609, at *1 (S.D. Ohio Apr. 4, 2008) ("By asking for a default judgment, Plaintiff has failed to follow the sequential procedure set forth in the Rule.") (collecting cases); *Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Pa. 1985) (citation omitted). Without the entry of a default by the Clerk, this Court cannot enter a default judgment under Rule 55(b). *Cf. O.J. Distrib. Inc.*, 340 F.3d at 352 ("Rule 55 permits the clerk to enter a default when a party fails to defend an action as required. The court may then enter default judgment.") (quotation marks and citations omitted). Therefore, the motion for default judgment is denied.

## III. CLAIMS ASSERTED

Before analyzing the remainder of the pending motions, the Court will briefly discuss the ten claims asserted in the Complaint and distinguish the defendant or defendants against whom they are asserted.

Merlitti first asserts four breach of contract claims. At issue are the following four contracts: (1) Code of Student Conduct of the University of Akron; (2) Marriage and Family Therapy/Counseling Program Masters Handbook; (3) Council for Accreditation of Counseling & Related Education Programs ("CACREP") accreditation standards; and (4) Commission on Accreditation for Marriage and Family Therapy Education ("COAMFTE") accreditation standards. Because each of the contracts was between Merlitti and the University alone, these four claims are asserted against the University.

The fifth claim alleges tortious interference, relating to the employment contract between Merlitti and Family Pride to work full-time as a marriage and family therapist. She asserts this claim against certain University and Family Pride defendants.

The sixth, seventh, eighth, ninth, and tenth claims all relate to the events that led to her dismissal from the Program and were alleged against one or more University defendants.

In sum, all claims are asserted against the University defendants. Claim Five is also asserted against Family Pride defendants. But no claim is asserted against any Greenleaf defendant. Therefore, the Greenleaf defendants' motion for judgment on the pleadings is granted, and all Greenleaf defendants are dismissed from this action.

## IV. UNIVERSITY DEFENDANTS' MOTION TO DISMISS

The University defendants assert all claims against them should be dismissed as a matter of law. Among other reasons, the University defendants challenge the Court's personal jurisdiction over the matter, contending the claims against them should be dismissed under Rules 12(b)(2) and (b)(5) for insufficiency of service of process.

To defeat a Rule 12(b)(5) motion to dismiss, Merlitti must prove that service was properly perfected. *See Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) ("[The plaintiff] bears the burden of perfecting service of process and showing that proper service was made."); *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quotation omitted) ("[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service."). Under Rule 4, to effectuate service, Merlitti was required ensure that a copy of the complaint and a summons are properly served on each defendant within 90 days of the time the complaint is filed. Fed. R. Civ. P. 4(c) & (m). Merlitti could have properly served the individual University defendants by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). As a state university, the University could have been served by

> (A) delivering a copy of the summons and of the complaint to its chief executive
> officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving
> a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j).

Here, because the complaint was filed on February 1, 2018, service should have been properly perfected by May 2, 2018. There is no indication on the docket that service was ever perfected. Instead, the only "evidence" of service is the following statement found in the Certificate of Service, attached to the complaint: "A copy of the foregoing Complaint was sent via regular U.S. Mail[.]" (Compl. at 44.) Not only does this statement make no reference to service of the summons, but also regular U.S. mail is not a proper method of service for any of the University defendants. Instead, service by regular U.S. mail is permitted only after service by United States certified or express mail has been refused or returned unclaimed. Ohio R. Civ. P. 4.1 (A)(1) & 4.6 (C) & (D); LR 4.2. Neither the docket nor Merlitti herself provides any evidence that service of the complaint was ever attempted by certified or express U.S. mail nor is there any evidence of service of the summons in any form. Because Merlitti has failed to meet her burden of proving adequate service, the University defendants' motion to dismiss for insufficiency of service of process is granted.

## IV. FAMILY PRIDE DEFENDANTS' MOTION TO DISMISS

The Family Pride defendants move to dismiss the claim of tortious interference as a matter of law under Rule 12(b)(6). Specifically, Family Pride contends that, as a party to the employment contract at issue, it cannot be sued for tortious interference with that same contract.

The individual Family Pride defendants also contend that they may not be personally liable for any actions taken in their capacity as employees of contracting party Family Pride.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original) (internal quotations marks, citation, and additional citations omitted), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001). No viable legal theory exists here.

Under Ohio law, the claim of tortious interference with contract exists, but is applicable only when the intentional interference with the performance of a contract is committed by a third party to the contract. *See Kenty v. Transam. Premium Ins. Co.*, 650 N.E.2d 863, 866 (Ohio 1995) (first recognizing the claim of tortious interference with contract in Ohio and establishing the elements of this claim based upon the Second Restatement of Torts section entitled "Intentional Interference with Performance of Contract by Third Person."); *see also Fred Siegel Co., L.P.A. v. Arter & Hadden*, 707 N.E.2d 853, 858 (Ohio 1999) ("We today reaffirm *Kenty* and hold that establishment of the fourth element of the tort of tortious interference with contract, lack of justification, requires proof that the defendant's interference with *another's* contract was improper.") (emphasis added); *Battista v. Lebanon Trotting Ass'n*, 538 F.2d 111, 116 (6th Cir. 1976) (stating that an Ohio tortious interference "claim arises when one party to a contract is

induced to breach the contract by the malicious acts of a third person who is not a party to the contract. The other party to the contract can then sue the third person who induced the breach.").

Because Family Pride is a party to the contract, rather than a third party, it may not be sued for tortious interference and the claim must be dismissed as a matter of law. Further, the employee-agents of Family Pride may be personally liable "only where [their] actions benefited [them] solely in a personal capacity." *Miller v. Wikel Mfg. Co., Inc.*, 545 N.E.2d 76, 79-80 (Ohio 1989); *see also West v. Visteon Corp.*, 367 F. Supp. 2d 1160, 1163-64 (N.D. Ohio 2005) (citing cases and holding "[an employee-agent] may only be held individually liable on [a] tortious interference claim to the extent that her actions were not taken on behalf of her employer and 'benefitted [her] solely in a personal capacity.'"). Since Merlitti does not allege that any individual Family Pride defendant received a personal benefit for their alleged interference, the claim of tortious interference against the individual defendants must fail as well. Accordingly, the Family Pride defendants' motion to dismiss for failure to state a claim is granted.

## V. CONCLUSION

For the foregoing reasons, Merlitti's motion for default judgement is DENIED. Greenleaf defendants' motion for judgment on the pleadings, the University defendants' motion to dismiss, and Family Pride defendants' motion to dismiss are each GRANTED. As such, the case is closed.

**IT IS SO ORDERED.**

Dated: August 10, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**